Mr. Terrance Derral Cavitt                    December 14, 2015
TDCJ #1126457
Darrington Unit
59 Darrington Rd.
Rosharon, Tx.  77583


TEXAS COURT OF CRIMINAL APPEALS
Attn: Court Clerk
P.O. Box 12308, Capitol Station
Austin, Tx.  78711


Re:  Writ No. _____; Ex Parte CAVITT; Enclosed "TRAVERSE" to
     Trial Court's Recommendation.


Dear Court Clerk:

Enclosed, please find a copy of Applicant's TRAVERSE to the
Trial Court's "RECOMMENDATION".    The Writ Number pertaining
to the case is unknown.   Please file said 'TRAVERSE' before
the Court, having the appropriate Jurisdiction over the same,
at the Court's earliest convenience.

Sincerely,


Terrance Derral Cavitt
Applicant Pro Se

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 18 2015

Abel Acosta, Clerk

02,989-03

Mr. Terrance Derral Cavitt                          December 14, 2015
TDCJ #1126457
Darrington Unit
Rosharon, Tx.   77583


HARRIS COUNTY COURTHOUSE
Attn: Court Clerk
Hon. Maria T. Jackson, Judge
1201 Franklin St., 14th Fl.,
Houston, Tx.   77002


Re:   Cause No. 902655-C; Writ No. _____; ENCLOSED "TRAVERSE"
      TO RESPONDENT'S ORIGINAL ANSWER AND ADOPTION BY THE COURT


Dear Court Clerk:

Enclosed, please find a 'Traverse' to the Respondent's Original Answer, filed pursuant to the above styled and referenced cause number. Please file said 'Traverse' before the Court, Hon. Maria T. Jackson, Judge, having the appropriate Jurisdiction over the same, at the Court's earliest convenience. By copy of this letter and the enclosed 'TRAVERSE', I am forwarding the same to the Texas Court of Criminal Appeals, Attn: Hon. Abel Acosta, Clerk, P.O. Box 12308, Capitol Station, Austin, Tx. 78711. Your help in filing said 'Traverse' before the Court, having the appropriate Jurisdiction over the same, at the Court's earliest convenience, would be greatly appreciated.


Sincerely,


Terrance Derral Cavitt
Applicant Pro Se

Cause No. <u>902655-C</u>

| | | |
|---|---|---|
| Ex Parte | § | In The 339th Judicial |
| | § | District Court Of |
| TERRANCE DERRAL CAVITT, (Applicant) | § | Harris County, Texas |

## APPLICANT'S "TRAVERSE" TO STATE'S ORIGINAL ANSWER

TO THE HONORABLE JUDGES OF SAID COURT:

PLEASE TAKE NOTICE, that COMES NOW, TERRANCE DERRAL CAVITT, Applicant, Pro Se, in the above styled and numbered cause, files this his "TRAVERSE" to the State's Original Answer, filed November 19, 2015, and adopted by the Trial Court on November 20, 2015. Applicant contends the State ignored and displayed flagrant disregard to critical points advanced in his Writ, and that the provisions of Article 11.07 Sec. 4 is inapplicable to the instant proceedings. In support thereof, your Applicant would present the following:

### I.

### JUNK SCIENCE WRIT

That your Petitioner challenged the Constitutionality of his confinement under the [Newly Enacted Laws] of Junk Science permitted by the 'New Provision' of Article 11.073, et.al.,

V.A.C.C.P.    Said 'New Laws' permitting a challenge in Junk Science was not implemented, (9/1/14), until after the filing of his last advanced Writ, Cause No. 902655-B, which was Dismissed without written Order on March 21, 2007. Moreover, your Petitioner presented a challenge on the Constitutionality of his confinement on the [Newly Enacted Case Law] that makes permissible a challenge on the Juvenile Proceeding in the transference and Jurisdictional aspect of a Juvenile's case leaving the original jurisdiction of Juvenile Court to the advancement to Adult Court. See Moon v. State, 451 S.W. 3d 28, (Tex. Cr. App. 2014), and its progeny.

## II.

## Article 11.07 Sec. 4(1)

That it has been long recognized the provisions of Article 11.07 Sec. 4(a)(1), permits the filing of a subsequent Application for Writ of Habeas Corpus when, "the current claims and issues [have not been and could not have been] presently previously in an original application ... because the [Factual or Legal Basis for the claim was UNAVAILABLE on the date the Applicant filed the previous application..." Your Applicant asserts neither the [Legal] basis for a 'Junk Science' challenge, and the provisions of Moon v. State, supra, permitting a challenge on the 'transference' of Juvenile Court Jurisdiction to Adult Court Jurisdiction were all unavailable at the time he filed his last Writ, denied by the Honorable Court of Criminal Appeals on March 21, 2007.

## III.

The State, and Trial Court, ignored the provisions of Article 11.07 Sec. 4(a)(1) that [Permits] the filing of a Subsequent Writ under the above circumstances. Your Applicant asserts he specifically and pointedly presented a challenge to his confinement, using the provisions of the newly enacted 'Junk Science Law', passed by Senate Bill 344, and enacted by Legislation in Art. 11.073, V.A.C.C.P. Applicant asserts this Honorable Court should give consideration to his argument of non-development of crucial regions of a Teen-Age Brain, that mitigates against criminal culpability. (See Writ - Memorandum Of Law - annexed to the forms). Because the State, and Trial Court, displayed flagrant disregard to the provisions of Article 11.07 Sec. 4(a)(1), and the Newly Enacted Law that provides a 'Junk Science' Writ, challenging the use of 'Junk Science' application to key aspects of his case, along with the New Case Law of Moon v. State, supra, this Court should reject the Respondent's recommendation of dismissal under the provisions of Article 11.07 Sec. 4, supra, as the same specifically and pointedly 'Permits' the challenge and the subsequent filing of the Writ, advanced herein. Due Process and the interest of justice would be best served by this Court permitting an 'Evidentiary Hearing' on the Merits.

WHEREFORE, PREMISES, ARGUMENT and AUTHORITIES CONSIDERED, your Applicant prays this Court would deny the Respondent's recommendation for denial of the Writ, based on the provisions

of Article 11.07 Sec. 4, as argued, supra. Applicant additionally prays this Court would look into the Merits of his claim, as his Case presents a novel argument utilizing Newly Enacted Law to the facts of his case. Alternatively, Applicant prays or whatever other, further or different relief this Court deem is just and proper, in the interest of justice. It is so prayed for.

Respectfully submitted,

TERRANCE DERRAL CAVITT
Applicant Pro Se
TDCJ #112645
Darrington Unit
59 Darrington Rd.
Rosharon, Tx. 77583

## AFFIDAVIT

PURSUANT TO TITLE 6, CHAPTER 132, VERNON TEXAS CODE ANNOTATED, CIVIL PRACTICE AND REMEDIES CODE, AND 28 U.S.C. Sec. 1746:

I, TERRANCE DERRAL CAVITT, Petitioner, Pro Se, being currently confined in the Texas Department of Criminal Justice - Institutional Division, at the Darrington Unit, located here in Brazoria County, Texas, have read the foregoing "TRAVERSE" TO THE RESPONDENT'S ANSWER, seeking redress from the Court's improper fact finding while challenging his Constitutionally infirmed conviction on "NEW ENACTED LAW", hereby DEPOSE AND DECLARE under the pain and penalties of PERJURY the foregoing "TRAVERSE" is true and correct to the best of Applicant's belief and knowledge:

Executed on this the _____ day of _____, 2015.

TERRANCE DERRAL CAVITT
Applicant Pro Se
TDCJ #1126457
Darrington Unit
Rosharon, Tx. 77583

## CERTIFICATE OF SERVICE

I, TERRANCE DERRAL CAVITT, Petitioner, Pro Se, files this his "TRAVERSE TO THE STATE'S RESPONSE", in good faith, and in the interest of justice, seeking redress against a Constitutionally infirmed conviction, hereby CERTIFY that a true and correct legible copy of the foregoing "TRAVERSE" was forwarded and served on the below named and listed parties by placing the same in the United States Mail, in a wrapper, with pre-paid postage affixed thereto, on this the _____ day of _____, 2015.

1.  TEXAS COURT OF CRIMINAL APPEALS
    Attn: Court Clerk
    P.O. Box 12308, Capitol Station
    Austin, Tx. 78711

2.  HARRIS COUNTY COURTHOUSE
    339th Judicial District Court
    Attn: Court Clerk
    1201 Franklin, St., 14th Fl.,
    Houston, Tx. 77002

TERRANCE DERRAL CAVITT
Petitioner Pro Se
TDCJ #1126457
Darrington Unit
Rosharon, Tx. 77583